# EXHIBIT B

**STATE OF NORTH CAROLINA**

PERSON County

FILED

File No. 21 CVS 460

In The General Court Of Justice
☐ District ☒ Superior Court Division

2021 JUL -9 AM 10:30

PERSON COUNTY, C.S.C.

BY ______

Name And Address Of Plaintiff 1
THOMAS MCCURDY

Name And Address Of Plaintiff 2

## GENERAL
## CIVIL ACTION COVER SHEET

☒ INITIAL FILING ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

**VERSUS**

Name And Address Of Defendant 1
SEQUIUM ASSET SOLUTIONS, LLC
Registered Agent: Registered Agent Solutions, Inc.
176 Mine Lake Court, Ste. 100
Raleigh NC 27615

Summons Submitted
☐ Yes ☐ No

Name And Address Of Defendant 2

Summons Submitted
☐ Yes ☐ No

Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)
SCOTT C. HARRIS
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
900 W. MORGAN ST.
RALEIGH NC 27603

Telephone No.: 9196005003
Cellular Telephone No.: 9196005003

NC Attorney Bar No.: 35328
Attorney Email Address: SHARRIS@MILBERG.COM

☒ Initial Appearance in Case ☐ Change of Address

Name Of Firm: Milberg Coleman Bryson Phillips Grossman P
Fax No.: 9196005035

Counsel For
☒ All Plaintiffs ☐ All Defendants ☐ Only: *(list party(ies) represented)*

☒ Jury Demanded In Pleading ☐ Complex Litigation ☐ Stipulate to Arbitration

**TYPE OF PLEADING**

*(check all that apply)*

- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (*see Note*)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) *Assess Court Costs*
- ☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
- ☐ Dismiss (DISM) *Assess Court Costs*
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)
- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other *(specify and list each separately)*

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

(Over)

## CLAIMS FOR RELIEF

- ☐ Administrative Appeal (ADMA)
- ☐ Appointment Of Receiver (APRC)
- ☐ Attachment/Garnishment (ATTC)
- ☐ Claim And Delivery (CLMD)
- ☐ Collection On Account (ACCT)
- ☐ Condemnation (CNDM)
- ☐ Contract (CNTR)
- ☐ Discovery Scheduling Order (DSCH)
- ☐ Injunction (INJU)
- ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP)
- ☐ Medical Malpractice (MDML)
- ☐ Minor Settlement (MSTL)
- ☐ Money Owed (MNYO)
- ☐ Negligence - Motor Vehicle (MVNG)
- ☐ Negligence - Other (NEGO)
- ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN)
- ☐ Possession Of Personal Property (POPP)
- ☐ Product Liability (PROD)
- ☐ Real Property (RLPR)
- ☐ Specific Performance (SPPR)
- ☐ Other *(specify and list each separately)*

| *Date* | *Signature Of Attorney/Party* |
|---|---|
| 7/6/2021 | [signature] |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s) ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*


© 2019 Administrative Office of the Courts

FILED

STATE OF NORTH CAROLINA

COUNTY OF PERSON

2021 JUL -9 AM 10:30

PERSON COUNTY, C.S.C.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
CASE NO. 21 CVS 466

THOMAS McCURDY, on Behalf of Himself and Others Similarly Situated,

Plaintiff,

v.

SEQUIUM ASSET SOLUTIONS, LLC, a Georgia Limited Liability Company,

Defendant.

**COMPLAINT**

**(Class Action)**

Plaintiff Thomas McCurdy ("Plaintiff"), on behalf of himself and all others similarly situated, through counsel, files this Class Action Complaint against Sequium Asset Solutions, LLC (hereinafter, "Sequium" or "Defendant") and states as follows:

## NATURE OF THE ACTION

1. Action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and North Carolina Debt Collection Act, N.C.G.S. § 75-50, *et seq.* ("NCDCA").

2. Defendant unreasonably disclosed, communicated and/or publicized information regarding Plaintiff's debt and all others similarly situated to another person.

3. This class action is filed pursuant to Rule 23 of the Rules of Civil Procedure on behalf of all consumers about which Defendant unlawfully

communicated consumer debt to a third party, in violation of North Carolina and Federal law as further set forth herein.

## JURISDICTION AND VENUE

4. The foregoing allegations are incorporated by reference as if fully set forth herein.

5. This Court has jurisdiction over the parties and this action pursuant to N.C.G.S. § 42-44, N.C.G.S. § 25-1-305, N.C.G.S. §§ 75-16 and 56, N.C.G.S. § 1-75.4 and N.C.G.S. § 1-253.

6. Venue is proper under N.C.G.S. § 1-80 in that Plaintiff resides in Person County and Defendant has regularly engaged in business in Person County, North Carolina.

## PARTIES

7. Plaintiff McCurdy is a citizen and resident of Person County, North Carolina, a "consumer" as defined in 15 U.S.C. 1692a(3) and N.C.G.S. § 75-50(1), and allegedly owes a "debt" as defined in 15 U.S.C. 1692a(5) and N.C.G.S. § 75-50(2) to Defendant.

8. Defendant Sequium is a Georgia Limited Liability Company, existing under the laws of the State of Georgia, with a principal office and place of business at 1130 Northchase Parkway, Suite 150, Marieta, Georgia 30067 duly domesticated in the State of North Carolina by filing with the North Carolina Secretary of State's Office on September 12, 2016. Defendant

transacts business in this state and throughout the country. Defendant can be served through its Registered Agent, Registered Agent Solutions, Inc., at 176 Mine Lake Court, Suite 100, Raleigh, North Carolina 27615.

## FACTUAL ALLEGATIONS

9. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6) and N.C.G.S. § 75-50(3).

10. Defendant is regularly engaged in the business of collecting debt allegedly owed by consumers to others for profit in the State of North Carolina. Its employees, affiliates, directors, agents, vendors, and attorneys act under the direction and supervision of Defendant within the scope of their actual or apparent authority. Therefore, Defendant is responsible and/or vicariously liable for the actions of its employees, affiliates, directors, agents, vendors and attorneys under, *inter alia*, the theory of *Respondeat Superior*. All references to Defendant mean Defendant, its owners, officers, agents, and/or employees.

11. The principal purpose of Defendant's business is debt collection.

12. Defendant uses instrumentalities of intrastate and interstate commerce, including telephone and mail in furtherance of its debt collection business.

13. Defendant alleges Plaintiff owes a debt ("Debt").

14. The Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which

are the subject of the transaction are primarily for personal, family, or household purposes.

15. The Debt does not arise from any business enterprise of Plaintiff.

16. The Debt is a "debt" as that term is defined in 15 U.S.C. § 1692a(5) and N.C.G.S. § 75-50(2).

17. At exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

18. Upon information and belief, at time the Debt was assigned or otherwise transferred to Defendant for collection, the Debt was in default.

19. In effort to collect the Debt, Defendant contacted Plaintiff by written correspondence.

20. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant used a third-party vendor to perform such activities on its behalf.

21. As part of utilization, Defendant conveyed information regarding the Debt to the third-party vendor.

22. Defendant's conveyance of information regarding the Debt to a third-party vendor is a communication as that term is defined in 15 U.S.C. 1692a(2).

23. Defendant's conveyance of information regarding the Debt to a third-party vendor is an unreasonable publication as described in N.C.G.S. §

75-53.

24. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

25. Plaintiff received and read one letter dated December 16, 2020 from Sequium concerning a Debt owed by Plaintiff in the amount of $2,951.65. Plaintiff received and read another letter from Sequium dated January 18, 2021 concerning the same Debt. The letters received by Plaintiff are referred to hereafter as the "Letters."

26. The December 16, 2020 Letter was the initial written communication Plaintiff received from Defendant concerning the Debt.

## CLASS ACTION ALLEGATIONS

27. The forgoing allegations are hereby reincorporated by reference as if fully restated herein.

28. Pursuant to North Carolina Rule of Civil Procedure 23, Plaintiff brings this action individually and on behalf of the following classes which are tentatively defined as:

> **NC Class**: All consumers throughout the State of North Carolina where Defendant sent information concerning consumers' Debt to a third party without written permission of the consumer, which disclosure was made on or after a date four (4) years prior and to the filing of this Complaint.

> **<u>FDCPA Subclass</u>:** All consumers in North Carolina where Defendant sent information concerning consumers' Debt to a third party without prior consent of the consumer, which disclosure was made on or after one (1) year prior to the filing of this Complaint.

29. Excluded from the classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendant and any entity in which Defendant has a controlling interest and its legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the classes.

30. *Numerosity*: Plaintiff is unable to provide a specific number of members in each of the classes because that information is solely in the possession of Defendant. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendant's business records. Upon information and belief, each class contains at least hundreds of consumers and likely exceeds several thousand consumers and is therefore so numerous that joinder of all members would be impracticable.

31. *Commonality*: Common questions of law and fact predominate over any individual issues that may be presented, because Defendant's conveyance of information to a third party in a single action or series of actions constituted thousands of unlawful disclosures at substantially the same time. Common

questions include, but are not limited to:

a. Whether Defendant's transmission of information concerning Plaintiff and all others similarly situated constitutes a violation of the FDCPA.

b. Whether Defendant communicated with any person other than the consumer, his attorney, consumer reporting agency, the creditor, or the attorney of the creditor, in connection with the collection of any debt in violation of the FDCPA.

c. Whether Defendant unreasonably publicized information regarding a consumer's debt in violation of the NCDCA.

d. Whether Defendant communicated with any person other than the debtor or his attorney in violation of the NCDCA.

32. *Typicality*: The claims of Plaintiff are typical of the claims of the proposed classes and all are based on the same facts and legal theories, as all such claims arise out of Defendant's conduct.

33. *Adequate Representation*: Plaintiff is an adequate representative of the classes in that he does not have antagonistic or conflicting claims with other members of the classes. Plaintiff has retained counsel experienced in the prosecution of complex class actions, specifically including experience with consumer class actions.

34. Neither Plaintiff nor counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

35. *Predominance and Superiority*: The classes are appropriate for certification because questions of law and fact common to the members of the classes predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the classes is impracticable. Should individual class members be required to bring separate actions, this Court or courts in other jurisdictions would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

**Violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.***
**(On behalf of the FDCPA Sub-Class)**

36. The forgoing allegations are hereby incorporated by reference as if

fully set forth herein.

37. Defendant acts as a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

38. Defendant acted as a "debt collector" in contacting Plaintiff.

39. Plaintiff and all members of the classes are "consumers," as defined by the FDCPA, 15 U.S.C. § 1692a(3) since they are natural persons allegedly obligated to pay a consumer debt.

40. At all material times, Plaintiff's debt and the debts of the class members were "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

41. Defendant has collected debt in violation of 15 U.S.C. § 1692c(b), in that it disclosed information to a third party without prior consent of the consumer.

42. FDCPA section 1692c(b) states in pertinent part that "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

43. The third party does not fall within any exceptions provided for in

15 U.S.C. § 1692c(b).

44. The United States Court of Appeals for the Eleventh Circuit has recently ruled that a **Defendant's transmittal of a Plaintiff's personal debt-related information to a third-party letter preparation vendor constitutes a communication "in connection with the collection of any debt" within the meaning of 15 U.S.C. § 1692c(b) and such action, without the debtor's authorization, constitutes a violation of said statute**. *See,* Hunstein v. Preferred Collection & Mgmt. Servs., Inc., No. 19-14434, 2021 WL 1556069, (11th Cir. Apr. 21, 2021).

45. In Hunstein, *Id.*, the debt collector ("Preferred Collection and Management Services, Inc.") electronically transmitted data regarding a consumer's ("Mr. Hunstein") debt, namely, his status as a debtor, the balance of the debt, the entity to which he owed the debt and the subject of such debt to a third-party vendor, for the purpose of creating, printing and mailing a "dunning" letter to the debtor.

46. The core facts presented to the Appeals Court in the Hunstein case are virtually identical to those alleged in this Complaint.

47. Here, Plaintiff did not consent to Defendant's communication to the third party concerning the Debt.

48. Plaintiff did not consent to Defendant's communication to the third party concerning Plaintiff's personal and/or confidential information.

49. Plaintiff did not consent to Defendant's communication with anyone concerning the Debt or Plaintiff's personal and/or confidential information.

50. Upon belief, Defendant has used a third party for these purposes thousands of times.

51. Defendant uses a third party for the sole purpose of maximizing profits.

52. Defendant uses a third party without regard to the propriety and privacy of the information it discloses to such third party.

53. Defendant uses a third party with reckless disregard for the harm to Plaintiff and the classes that could result from Defendant's unauthorized disclosure of private and sensitive information.

54. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt.

55. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

56. Defendant disclosed Plaintiff's private and sensitive information to a third party in violation of 15 U.S.C. § 1692f.

57. As a result of Defendant's unlawful conduct, Plaintiff and the class members are entitled to actual and statutory damages, reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

**Violations of North Carolina Debt Collection Act, N.C.G.S. § 75-50, *et seq.***
**(On behalf of the NC Class)**

58. The foregoing allegations are hereby incorporated by reference as if fully set forth herein.

59. Defendant is a "debt collector" as defined by the NCDCA, N.C.G.S. § 75-50.

60. Plaintiff and the North Carolina Class are "consumers" as that term is defined by N.C.G.S. § 75-50.

61. N.C.G.S. § 75-53 prohibits debt collectors from unreasonably publicizing information regarding a consumer's debt including, but not limited to, any communication with any person other than the debtor or his attorney.

62. Defendant violated N.C.G.S. § 75-53 by communicating consumer debt information to a third party without the written permission of the debtor.

63. Plaintiff, and others similarly situated, are entitled to recover statutory damages under the NCDCA for each instance in which an improper communication occurred.

64. As a result of Defendant's unlawful conduct, Plaintiff and the class members are entitled to actual and statutory damages, reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION
**Violation of the North Carolina Unfair and Deceptive Trade Practices Act: N.C.G.S. § 75-1.1 (on behalf of the NC Class)**

65. The foregoing allegations are hereby incorporated by reference as if fully set forth herein.

66. Pursuant to N.C.G.S. § 75-56(a), "the specific and general provisions of [the NCDCA] shall exclusively constitute the unfair or deceptive acts or practices proscribed by G.S. 75-1.1 in the area of commerce regulated by this Article."

67. Defendant's operation with consumers and consumer debt constitutes commerce.

68. N.C.G.S. § 75-1.1 (the "UDTPA") prohibits "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce."

69. The specific acts by Defendant are in or affecting commerce.

70. The specific acts by Defendant are unfair and deceptive, as defined by the UDTPA.

71. Plaintiff has been subjected to pecuniary and non-pecuniary injuries resulting from Defendant's unfair and deceptive conduct.

72. Plaintiff and others similarly situated are entitled to recover treble damages, attorney's fees and costs if allowed by the discretion of the

Court pursuant to Chapter 75 of the North Carolina General Statutes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all others similarly situated pray the Court for judgment as set forth below:

1. Certifying this action as a class action as provided by Rule 23 of the Rules of Civil Procedure, appointing Plaintiff as class representative, and appointing the undersigned as class counsel;
2. Finding Defendant violated the FDCPA;
3. Finding Defendant violated the NCDCA;
4. Adjudging Defendant liable under the causes of actions asserted above, and awarding Plaintiff and the members of the NC Class and FDCPA Sub-Class (collectively, "Class Members") actual and statutory damages pursuant to 15 U.S.C. 1692k and N.C.G.S § 75-56;
5. Awarding Plaintiff and Class Members their reasonable attorney's fees and costs pursuant to the FDCPA and NCDCA;
6. That the compensatory damages of Plaintiff and the Class Members be trebled by the Court pursuant to Chapter 75 of the North Carolina General Statutes;
7. For punitive damages to the extent allowed by law;
8. The costs of this action be taxed against Defendant;

9. For a trial by jury on all issues so triable;

10. Awarding pre and post judgment interest as allowed by law; and

11. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 6th day of July, 2021

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC

Scott C. Harris
N.C. Bar No.: 35328
Patrick Wallace
N.C. Bar No.: 48138
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
sharris@milberg.com
pwallace@milberg.com

*Attorneys for Plaintiff and the putative Classes*